UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHEN M. HOENIG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MENARD, INC.,<br><br>　　　　Defendant. | No. 24 CV 8680<br><br>Judge Manish S. Shah |

MEMORANDUM OPINION AND ORDER

　　Plaintiff Stephen Hoenig went to Menards to buy supplies for a project at his house. A Menards employee offered to assist him, and Hoenig followed the employee in search of the materials. While walking down an aisle of the store, Hoenig slipped on a puddle of water and was injured. Hoenig then brought this action against defendant Menard, Inc. in the Circuit Court of Lake County, Illinois, under various theories of negligence. Menards removed the case to this court and now moves for summary judgment. For the reasons discussed below, the motion is granted.

I. 　Legal Standards

　　Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether summary judgment should be granted, I view all the facts and draw

reasonable inferences in favor of the non-moving party. *See Sullivan v. Flora, Inc.*, 63 F.4th 1130, 1141 (7th Cir. 2023). The court gives the non-moving party "the benefit of reasonable inferences from evidence, but not speculative inferences in his favor." *White v. City of Chi.*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted).

Local Rule 56.1 "aims to make summary-judgment decisionmaking manageable for courts." *Kreg Therapeutics, Inc. v. VitalGlo, Inc.*. 919 F.3d 405, 415 (7th Cir. 2019). The moving party must file a supporting memorandum of law and statement of facts demonstrating that it is entitled to judgment as a matter of law. *See Petty v. City of Chi.*, 754 F.3d 416, 420 (7th Cir. 2014); N.D. Ill. Local R. 56.1(a). The non-moving party may respond with its own statement of facts, and all material facts set forth in the moving party's statement that are not controverted by a statement of the opposing party will be deemed to be admitted. N.D. Ill. Local R. 56.1(b)(3). Hoenig did not provide a separate statement of additional facts and did not respond to Menards's Local Rule 56.1 statement. I accept as true all statements made in Menards's statement of material facts.

That said, because Hoenig's sworn deposition testimony describes his side of the story, I consider that testimony alongside Menards's statement of facts. *See* Fed. R. Civ. P. 56(c)(3). Menards's facts are deemed admitted to the extent they are supported by the record, but the burden remains with the movant to show that it is entitled to judgment as a matter of law. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006) ("[A] nonmovant's failure to respond to a summary judgment

2

motion, or failure to comply with Local Rule 56.1, does not, of course, automatically result in judgment for the movant.").

**II.    Facts**

On September 19, 2022, Stephen Hoenig went to the Menards in Gurnee, Illinois, to purchase building materials for his home. [19] ¶ 8.[1] While searching for plexiglass, Hoenig crossed paths with first assistant general manager Alex Thompson, who offered his assistance. [19] ¶¶ 9–10. Their movements were captured by a surveillance camera in the store. [19] ¶ 11. Hoenig trailed a few steps behind Thompson as they walked up one aisle and then reversed course and began walking in a different direction. [19] ¶¶ 11–13. As they walked past an aisle display, Hoenig slipped and fell on a puddle. [19] ¶ 14. The surveillance camera's vantage point was obstructed by the aisle display and so the video does not show any visible liquid. [21].

After the fall, first assistant front-end manager Brittany Schmidt was called to the scene. [19] ¶¶ 16–17. Schmidt offered first aid and an ambulance (though Hoenig accepted only first aid). [19] ¶¶ 18–19. Hoenig, Thompson, and Schmidt went to the front desk where Schmidt drafted an incident report, which included an image of the puddle. [19] ¶¶ 20–22. None of the three saw the puddle before Hoenig slipped, none of the three know how the puddle got there, and none of the three know how long the puddle had been there. [19] ¶¶ 24–33.

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except in the case of citations to depositions, which use the deposition transcript's original page number.

Surveillance footage extending beyond the 88 seconds preceding the fall has not been preserved. [21]. Menards managers are trained to save footage for three points in time when an incident occurs: when the injured guest arrives, when the injured guest leaves, and when the incident occurs. [19] ¶ 36. Schmidt was trained to watch video footage of slip-and-fall incidents and try to ascertain how the water got there. [19-3] at 34–35. If she had seen footage showing how the water got there, she would have saved that footage. [19-3] at 43.

The material facts are not in dispute. Both sides acknowledge that there is no evidence of how the water got there or how long it was there. [19] at 4–5; [24] at 2.

Hoenig filed suit against Menards for negligence in August 2024. The case was removed to this court in September 2024.[2] Menards now moves for summary judgment.

## III. Analysis

### A. Constructive Notice

To recover under a negligence theory in Illinois, a plaintiff must prove that the defendant owed a duty to the plaintiff, that duty was breached, and injury proximately resulted from the breach. *Cruz v. Costco Wholesale Corp.*, 134 F.4th 984, 987 (7th Cir. 2025). A business "owes customers a duty to maintain its premises in a

---

[2] The court has subject-matter jurisdiction over this case because plaintiff is a citizen of Illinois, defendant is a corporation organized and with its principal place of business in Wisconsin, and there is a "reasonable probability" that the amount in controversy exceeds $75,000. [1] ¶¶ 10–22. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815–16 (7th Cir. 2006) (noting that a settlement offer is admissible to show that the amount-in-controversy requirement for diversity jurisdiction has been met). The parties agree that Illinois law applies. [20] at 2; [24] at 4.

reasonably safe condition to avoid injuries to those customers." *Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1038 (7th Cir. 2016).

"Liability can be imposed when a business's invitee is injured by slipping on a foreign substance on its premises if the invitee establishes that (1) the substance was placed there by the negligence of the business; (2) the business had actual notice of the substance; or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, i.e., the business had constructive notice of the substance." *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014). Here, there is no evidence that Menards placed the puddle on the floor or that Menards had actual notice of the puddle before Hoenig slipped. Liability depends on constructive notice.

Under Illinois law, constructive notice can be established by either presenting evidence that "(1) the dangerous condition existed for a sufficient amount of time so that it would have been discovered by the exercise of ordinary care, or (2) the dangerous condition was part of a pattern of conduct or a recurring incident." *Id.* at 651. Where constructive knowledge is claimed, "[o]f critical importance is whether the substance that caused the accident was there a length of time so that in the exercise of ordinary care its presence should have been discovered." *Torrez v. TGI Friday's, Inc.*, 509 F.3d 808, 811 (7th Cir. 2007).

Here, Hoenig claims that the dangerous condition existed for enough time to put Menards on constructive notice. [24] at 5–6. As Hoenig notes, "the amount of time for a property owner to be charged with constructive notice is not well defined." [24]

5

at 5. While just "a few minutes" is an insufficient amount of time to give a business constructive notice of a puddle, *see Zuppardi*, 770 F.3d at 651, twenty-eight minutes *is* a sufficient amount of time to survive summary judgment on the issue of constructive notice. *Compare Zuppardi*, 770 F.3d at 651–52 ("Although there is no bright-line rule designating the requisite time to establish constructive notice, 'periods in excess of ten minutes have failed the test.'" (quoting *Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 482 (7th Cir. 2008))), *with Cruz*, 134 F.4th at 988–89 (finding that 28 minutes is a consequentially longer period of time than "a few minutes").

Though the summary judgment standard requires reviewing the facts in the light most favorable to the non-moving party, the burden is nonetheless on Hoenig to put forth *some* evidence of constructive notice. Hoenig fails to meet this burden. The record here is more like that of *Zuppardi* than *Cruz*. The video footage begins less than two minutes before the slip and there is nothing in that footage capable of imposing liability on Menards—no witness saw the puddle before the slip and no witness can testify to how long the water had been present. Eighty-eight seconds "simply is not enough time, without additional evidence, to raise a genuine dispute

6

over whether [Menards] was on constructive notice of the liquid." *Reyes v. Walmart Inc.*, 2025 WL 1651151, at *6 (N.D. Ill. June 11, 2025).[3]

The absence of evidence does not create a genuine dispute over constructive notice. Hoenig must come forward with some evidence to allow a jury to conclude that the puddle was there long enough for Menards to know about it. Simply saying it is unknown does not allow a reasonable inference that it is more likely than not that Menards was on constructive notice. *See Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (non-moving party must do more than show that there is some metaphysical doubt as to material facts).

## B. Federal Rule of Civil Procedure 37(e)

Because there is no surveillance footage showing exactly when the spill occurred (and thus no footage showing that the spill did *not* occur within a few minutes of Hoenig's fall), Hoenig cites Rule 37(e) of the Federal Rules of Civil Procedure to argue that I should presume that the missing footage was unfavorable to Menards.[4] But both the law and the evidence say otherwise.

Starting with the text of Rule 37(e)(2), the court *may* presume that the lost information was unfavorable to the party, but only upon finding that the party acted with the intent to deprive. Here, Hoenig's argument is speculative at best. Hoenig

---

[3] Menards further argues that Hoenig similarly cannot prevail on the second form of constructive notice—the "pattern or practice" prong. [20] at 5; [25] at 5–6. Hoenig did not raise any fact or argument in support of this theory of constructive notice. He has forfeited it, and Menards is correct. There is no evidence to support any inference that a pattern of puddles in the store put Menards on constructive notice of the hazard.

[4] Plaintiff cited the rule as Federal Rule of *Evidence* 37(e). [23] at 3. The correct citation is Fed. R. Civ. P. 37(e).

7

alleges that Menards's failure to save the video footage is evidence of liability. But Schmidt testified under oath that if she had seen anything in the video to indicate how the water got there, she would have saved it. [19-3] at 43. There is no inference of liability to be drawn from that testimony, and Hoenig points to nothing else. Together with the fact that the spill is not visible on the video due to the location of the aisle display, there is simply no evidence to ascertain one way or another how or when the spill occurred, or that video surveillance would have revealed its presence such that the failure to preserve suggests intentional concealment. Hoenig has failed to show the requisite bad faith on the part of Menards to justify Rule 37(e) relief.

Hoenig's Rule 37(e) argument fails for two additional reasons. First, it is untimely. *See* N.D. Ill. Local R. 37.2. Second, Hoenig has not established that litigation was reasonably anticipated such that Menards had a duty to preserve under Rule 37(e). Hoenig filed this lawsuit nearly two years after the incident. [1-1]. There is no evidence that Hoenig ever sent a preservation letter regarding the video footage. [25] at 9. The prolonged nature of this timeline meaningfully distinguishes the instant case from those cited in Hoenig's opposition brief. *See Heagy v. Burlington Stores, Inc.*, 2023 WL 5751105 (E.D. Pa. Sept. 6, 2023); *Hollis v. CEVA Logistics U.S., Inc.*, 603 F.Supp.3d 611 (N.D. Ill. 2022).

8

## IV. Conclusion

Defendant's motion for summary judgment, [18], is granted. Enter judgment in favor of defendant and terminate civil case.


ENTER:

                                              Manish S. Shah
                                              United States District Judge

Date: October 21, 2025